**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7391**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MARTIN F. SALAZAR,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:06-cr-00123-MBS-1)

Submitted:  March 19, 2010          Decided:  April 8, 2010

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Martin F. Salazar, Appellant Pro Se. Dean A. Eichelberger,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin F. Salazar appeals the denial of his motion for a new trial. In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A).[*] With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order on June 29, 2009. The ten-day appeal period expired on July 14. See Fed. R. App. P. 26(a)(2) (providing "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). The thirty-day excusable neglect period expired on August 13. On July 24, Salazar filed a document entitled "Motion to Appeal and Request for Extension to File Appeal." He stated that he did not receive the court's order until July 8, 2009, and that legal services were not available. His certificate of service stated that he mailed his notice of appeal on July 22.

---

[*] Because Salazar's notice of appeal was filed before the December 2009 Amendments to the Federal Rules of Appellate Procedure, we evaluate the timeliness of his appeal under the rules in effect when he filed his notice of appeal.

Thus, while Salazar's notice of appeal was not filed within the ten-day appeal period, it was filed during the thirty-day extension period. In addition, in Salazar's notice of appeal, he explicitly requested an extension of time. The district court did not rule on this motion.

Because Salazar filed his notice of appeal within the excusable neglect period and requested an extension of time, we remand the case to the district court for the court to determine whether Salazar has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED